UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLINTON CROWE | CIVIL ACTION |
| VERSUS | NO. 17-13853 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, AMERICAN SERVICE INSURANCE, INC., AND COREY AMOS | SECTION A(1) |

## ORDER AND REASONS

Before the Court is a **Motion to Remand to State Court (Rec. Doc. 5)** filed by Plaintiff Clinton Crowe ("Crowe"). Defendant State Farm Mutual Automobile Insurance Company ("State Farm") opposes the motion. (Rec. Doc. 6). The motion, set for submission on January 24, 2018 is before the Court on the briefs without oral argument. Having considered the motion and memorandum of counsel, the record, and the applicable law, the Court finds that the Plaintiff's motion should be **GRANTED** for the reasons set forth below.

### I. Factual Background

According to his Petition, on March 17, 2017, plaintiff Clinton Crowe ("Crowe") was riding in a 2016 Chrysler Town & Country driven by Deanna Gregg when defendant Corey Amos collided with the rear of the Chrysler in the left lane of Interstate 10 in Jefferson Parish, Louisiana. (Rec. Doc. 1-5). As a result of the accident, Crowe alleges to have sustained serious injuries to his neck and back, together with past and future mental anguish and physical suffering; and past and future loss of enjoyment of life.

On October 18, 2017, Plaintiff Clinton Crowe filed suit in Civil District Court for the Parish of New Orleans seeking compensation for damages sustained from the accident. (Rec. Doc. 6-1,

p. 2). In addition to naming Amos, Crowe named State Farm as a defendant alleging that at the time of the accident, there was in full force and effect an insurance policy issued by State Farm whereby State Farm agreed to defend and indemnify Amos. Additionally, Crowe named American Service Insurance, Inc. ("American Service") as a defendant alleging that at the time of the accident, there was an insurance policy in effect issued by American Service whereby American Service agreed to provide uninsured/underinsured motorist coverage to Crowe. In his Petition, Crowe alleges that the evidence will reflect that State Farm's primary insurance policy in favor of Amos will be insufficient to satisfy the amount of damages being sought by Crowe. For that reason, Crowe alleges that Amos is an underinsured motorist pursuant to the terms of Crowe's policy with American Service. Crowe seeks to be compensated for damages that exceed the State Farm policy limit via the policy issued by American Service.

After filing in state court on October 18, 2017, State Farm (and Amos) removed the case from state court to this Court.[1] State Farm removed this action pursuant to 28 U.S.C. 1441(a) alleging that this is a matter in which this Court has original diversity jurisdiction under 28 U.S.C. § 1332. (Rec. Doc. 1, p. 5). State Farm alleges that this is a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and this suit is between citizens of different states, and is therefore removable. *Id.* As the removing party, State Farm was required to comply with 28 U.S.C. § 1446, which provides the procedural requirements for the removal of civil actions.

The parties spend the bulk of their memoranda debating the jurisdictional requirements of complete diversity and amount in controversy. However, as an initial matter, the Court finds that there is a procedural defect in the removal process. The parties provide only a cursory analysis of

---
[1] When referring to State Farm, the Court refers to Amos as well.

whether co-defendant American Service timely consented to the removal of this action. This issue warrants a more in-depth analysis.

## II. Law and Analysis

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Ross v. USA Football*, 17-138, 2017 WL 695399 (E.D. La. 2017) (*citing* 28 U.S.C. § 1441(a); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). The removing defendant bears the burden of ensuring compliance with the procedural requirements of removal. *Id.* (*citing Manguno*, 276 F.3d at 723). The removal statutes are strictly construed in favor of remand. *Id.*

The Fifth Circuit has long held that all properly joined and served defendants must join in the notice of removal or otherwise consent to removal within the 30 day period set forth in 28 U.S.C. § 1446(b). *Id.* (*citing Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986); *Davis v. City of Shreveport Police Dept.*, No. 12-0918, 2012 WL 4189511, *2 (W.D. La. 2012)). While each defendant need not sign the notice of removal, there must be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect to have the authority to do so, that it has actually consented to such action." *Id.* (*citing Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002)). "Failure to comply with the thirty-day time limitation or with the unanimity requirement renders the removal procedurally defective." *Id.* (*citing Jones v. Scogin*, 929 F.Supp. 987, 988 (W.D. La. 1996)).

Under the 2011 amendment to the federal removal statute, the deadline to file a notice of removal runs from the service of each defendant. 28 U.S.C. §§ 1446(b)(2)(B)–(C). Prior to that amendment, the Fifth Circuit had followed the first-served defendant rule, under which a defendant

3

was required to join in removal within thirty days of the date the first defendant was served. *See Getty*, 841 F.2d at 1262–63. Thus, *Getty* is legislatively overruled by § 1446(b)(2) to the extent that earlier-served defendants may join in removal by later-served defendants who remove within their own individual statutory thirty-day removal period. *Gibbs v. Ocwen Loan Svcg., LLC*, 2014 WL 2767206, *3 (N.D. Tex. 2014). However, any differences in the deadline between last-served and first-served defendants are irrelevant to this case, where the defendants were served on the same date. Both State Farm and American Service were served with the state court Petition on November 2, 2017, and thus, had 30 days from that date to remove or consent to removal. (Rec. Doc. 5-1. p.1 n. 1).

There is no dispute State Farm timely removed this matter under the time constraints provided by 28 U.S.C. 1446(b)(1). Under that provision, State Farm had 30 days, after receiving service of Crowe's initial pleading upon which this action is based, in which to file its Notice of Removal of this civil action. The parties agree that State Farm's first notice of the filing of Crowe's Petition was on November 2, 2017, when its legal agent for service of process was served with a copy of the Petition. Therefore, State Farm had 30 days from November 2, 2017 in which to file a Notice of Removal with this Court. State Farm did so by filing its Notice of Removal on November 30, 2017. Further, the record indicates that American Service was also served on November 2, 2017. Because American Service was also served on November 2, 2017, it had 30 days from that date by which to consent to removal. The record does not indicate that American Service filed any pleading consenting to removal within this 30 day period.

Further, the manner in which American Service consented to removal—supposedly given verbally to State Farm—is defective. The Fifth Circuit makes clear that the removing defendant must do more than merely state that another served defendant consents to removal in its notice of

removal filed in federal court. *Getty Oil*, 841 F.2d at 1262 n. 11; *Jones*, 929 F.Supp. at 988; *Thompson v. Louisville Ladder Corp.*, 835 F.Supp. 336, 337 n. 3 (E.D. Tex. 1993).

On December 28, 2017, Crowe filed this Motion to Remand on the basis that not all served defendants consented to removal, and that State Farm failed to prove by a preponderance of the evidence that this case involves diverse citizens and an actual amount in controversy in excess of $75,000.00. (Rec. Doc. 5-1, p. 1) State Farm filed an opposition on January 5, 2018. In response to Crowe's argument that State Farm removed the case without the consent of all defendants, State Farm alleges that at the time the Notice of Removal was filed, no attorney for American Service Insurance, Inc. had yet made an appearance. (Rec. Doc. 6-1, p. 2). Therefore, State Farm was allegedly unable to contact counsel for American Service to obtain their consent for removing. State Farm then alleges that when examining the state court record in preparation of filing its opposition to the Motion to Remand, counsel for State Farm discovered that American Service filed a motion for extension of time in state court, after the case had been removed to this Court. At that point, State Farm contacted counsel for American Service and obtained consent for removal of this action to this Court.

The Court finds that American Service's consent to removal was not timely and was not made in the required manner. First, American Service was required to consent to removal within 30 days from receiving service of the original state court Petition. State Farm removed this case, 28 days after being served with Crowe's state court Petition, without American Service's consent. Therefore, American Service would have had to consent within the remaining two days left (or before December 2, 2017). As the removing party, State Farm has the burden to show by a preponderance of the evidence that all procedural requirements were met in the removal process.

5

State Farm fails to show that American Service consented to removal within the required 30 day period.

Even if State Farm obtained American Service's consent within the 30 day limit, State Farm is unable to show that American Service consented in the proper manner. The law requires that there be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action." *Getty Oil*, 841 F.2d at 1262 n. 11. Written consent must be indicated by the defendant's signature on the removal petition or filing of written consent within the removal period. *Louisiana v. Aspect Energy, LLC*, 2011 WL 5238666, *1 (W.D. La. 2011) (unpublished) (citing *Getty Oil*, 841 F.2d at 1262 n. 11, 1263). Statements by the removing defendants that other defendants have consented are insufficient. *Id.* "If written consent on the part of all defendants is lacking when the thirty day removal period lapses, the notice of removal is deemed defective and the case must be remanded." *Wamsley v. Ditzler*, 2014 WL 1030085, *2 (W.D. La. 2014) (citations omitted). Therefore, State Farm cannot simply allege that it obtained American Service's consent for removal of this action.[2]

### III. Conclusion

The defendants failed to properly effect removal of a state court lawsuit to this Court. For the reasons set forth above, Plaintiff's Motion to Remand to State Court (Rec. Doc. 5) is GRANTED.

---

[2] The Court notes that American Service filed an answer in this Court. However, the answer was filed on January 29, 2018—well beyond the 30 day window.

Accordingly;

IT IS ORDERED that **Plaintiff's Motion to Remand to State Court (Rec. Doc. 5)** is **GRANTED**;

IT IS FURTHER ORDERED that the case is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

February 22, 2018

                                                JUDGE JAY C. ZAINEY
                                                UNITED STATES DISTRICT JUDGE